UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                  :
UNITED STATES OF AMERICA
                                                  :
              -v.-
                                                  :         22 Cr. 19 (PGG)
BRADLEY PIERRE *et al.*,
                                                  :
                         Defendants.
                                                  :
------------------------------------------------------------x


## GOVERNMENT'S OPPOSITION TO DEFENDANT WILLIAM WEINER'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A BILL OF PARTICULARS


DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007


Mathew Andrews
Qais Ghafary
Michael Lockard
Assistant United States Attorneys
          -Of Counsel-

i

## PRELIMINARY STATEMENT

The Government respectfully submits this opposition to defendant William Weiner's request to dismiss the Second Superseding Indictment or in the alternative for a bill of particulars (the "Motion"). For the reasons set forth below, the Motion is frivolous and should be denied.

## DISCUSSION

### I.    Weiner's Motion to Dismiss the Indictment Is Frivolous

#### A.  Relevant Law

Rule 7 of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). "'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Second Circuit has "repeatedly refused, in the absence of any showing of prejudice, to dismiss charges for lack of specificity." *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999); *accord United States v. Stringer*, 730 F.3d 120, 125 (2d Cir. 2013). Indeed, the Second Circuit has "consistently upheld indictments that 'do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *Walsh*, 194 F.3d at 44 (citing *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975)). While the indictment must give a defendant "sufficient notice of the 'core of criminality' to be proven against him," *United States v. Pagan*, 721 F.2d 24, 27 (2d Cir. 1983) (quoting *United States v. Sindona*, 636 F.2d 792, 797-98 (2d Cir. 1980)), the "'core of criminality' of an offense

involves the essence of a crime, in general terms," and not "the particulars of how a defendant effected the crime." *United States v. D'Amelio*, 683 F.3d 412, 418 (2d Cir. 2012); *see also United States v. Coffey*, 361 F. Supp. 2d 102, 111 (E.D.N.Y. 2005) ("[T]he indictment does not have to specify evidence or details of how the offense was committed.").

"An indictment must be read to include facts which are necessarily implied by the specific allegations made." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992). "[C]ommon sense and reason prevail over technicalities." *United States v. Sabbeth*, 262 F.3d 207, 218 (2d Cir. 2001); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007) ("While detailed allegations might well have been required under common-law pleading rules, they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" (quoting Fed. R. Crim. P. 7(c)(1)) (citation omitted)). Moreover, "[i]t is well settled that in an indictment for conspiring to commit an offense - in which the conspiracy is the gist of the crime - it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." *United States v. Wydermyer*, 51 F.3d 319, 325 (2d Cir. 1995); *see also United States v. LaSpina*, 299 F.3d 165, 177 (2d Cir. 2002). "The rationale is that the crime of conspiracy is complete whether or not the substantive offense which was its object was committed." *Wydermyer*, 51 F.3d at 325.

A motion to dismiss an indictment is not an occasion to evaluate the sufficiency of the Government's evidence. Rule 12(b), which governs criminal pretrial motions, provides only that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion" (emphasis added). "In other words, there is no 'summary judgment' equivalent to Rule 56 of the Federal Rules of Civil Procedure in

criminal cases." *United States v. Cremmer*, No. 12 Cr. 473 (KBF) (S.D.N.Y. Dec. 13, 2012)

(citing *Alfonso*, 143 F.3d at 776-77).

"The dismissal of an indictment is an 'extraordinary remedy' reserved only for extremely

limited circumstances implicating fundamental rights." *United States v. Zarrab*, No. 15 CR

867(RMB), 2016 WL 6820737, at *2 (S.D.N.Y. Oct. 17, 2016) (quoting *United States v. De La

Pava*, 268 F.3d 157, 165 (2d Cir. 2001)). Indeed, it is well-settled that "[a]n indictment returned

by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial

of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956).

### B.  Application

The Second Superseding Indictment tracks the language of the charged statutes and states

the approximate times and places of the crimes alleged, which is all that is required. *See

Stavroulakis*, 952 F.2d at 693 ("An indictment need do little more than to track the language of

the statute charged and state the time and place (in approximate terms) of the alleged crime."

(internal citations omitted)); *see also United States v. Vilar*, 729 F.3d 62, 80 (2d Cir. 2013). The

Indictment need not set forth "the particulars of how a defendant effected the crime," *D'Amelio*,

683 F.3d at 418, *i.e.*, such as the precise means and mechanisms by which Weiner conspired to

commit healthcare fraud and laundered the illegal proceeds to Bradley Pierre or conspired to

defraud the Internal Revenue Service.

The Second Circuit's decision in *United States v. Pirro*, the case upon which Weiner

principally relies, does not contradict these principles. 212 F.3d 86, 91-92 (2d Cir. 2000). That

case found an indictment charging the substantive crime of filing a false tax return insufficient

because it failed to allege the violation of a known legal duty to disclose, *id.* at 91, 94-95, an

issue not presented here. Furthermore, *Pirro* has not been extended beyond its facts. *See, e.g.,*

*United States v. Stringer*, 730 F.3d 120, 126-27 (2d Cir. 2013); United States v. Plaff, 407 Fed. App'x 506, 509 (2d Cir. 2010).

Moreover, the Government has previously confirmed that the Second Superseding Indictment relies on the same evidence presented to the grand jury as the underlying speaking indictments. (*See, e.g.*, Dkt. 275; Dec. 12, 2023 Tr. at 15). There is no rule requiring that every indictment make speaking allegations, and Weiner cannot show any prejudice warranting the extraordinary remedy of dismissing an indictment. *Walsh*, 194 F.3d at 45 (the Second Circuit has "repeatedly refused, in the absence of any showing of prejudice, to dismiss charges for lack of specificity.").

## II.   Weiner's Motion for a Bill of Particulars Is Meritless

### A.  Relevant Law

The Court set forth the relevant law regarding a bill of particulars in its opinion in *United States v. Rose*, No. 19 CR. 789 (PGG), 2021 WL 2117119 (S.D.N.Y. May 24, 2021). As set forth in *Rose*, Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to seek a bill of particulars where necessary to "'prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) (quoting *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (*per curiam*))). The decision to grant or deny a bill of particulars "rests within the sound discretion of the district court." *Bortnovsky*, 820 F.2d at 574.

"A bill of particulars is not a general investigative tool, a discovery device or a means to compel the government to disclose evidence or witnesses to be offered prior to trial." *United States v. Gibson*, 175 F. Supp. 2d 532, 537 (S.D.N.Y. 2001) (citing *United States v. Strawberry*,

892 F. Supp. 519, 526 (S.D.N.Y. 1995)). "Instead, its purpose is to supplement the facts contained in the indictment when necessary to enable defendants to identify with sufficient particularity the nature of the charges against them." *United States v. Gotti*, No. S4 02 CR 743(RCC), 2004 WL 32858, at *8 (S.D.N.Y. Jan. 6, 2004) (citing *Bortnovsky*, 820 F.2d at 574); *accord United States v. Mandell*, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) ("The standard for determining whether a bill of particulars is appropriate is based on necessity ....").

"Generally, if the information sought by defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required." *Bortnovsky*, 820 F.2d at 574 (citations omitted); *see also United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("[A] bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means.") (citing *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010))). However, "[t]he Government d[oes] not fulfill its obligation merely by providing mountains of documents to defense counsel[,] who [a]re left unguided as to which documents [the Government will use at trial]." *Bortnovsky*, 820 F.2d at 575.

"[T]he proper inquiry is not whether the requested information would be helpful to the defense, but rather whether the information is *necessary* to the defense." *United States v. Dupree*, No. 10-CR-627 (KAM), 2011 WL 5976006, at *6 (E.D.N.Y. Nov. 29, 2011) (emphasis in original) (citing *Torres*, 901 F.2d at 234; *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir. 1989)). "It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." *Feola*, 651 F. Supp. at 1132. More broadly, the Government is not required to "set out with precision every

act committed by . . . conspirators in furtherance of the conspiracy[.]" *United States v. Cohen*, 518 F.2d 727, 733 (2d Cir. 1975) (citations omitted). "'[W]heres, whens, and with whoms'" of the conspiracy are "'beyond the scope of a bill of particulars.'" *United States v. Barret*, 824 F. Supp. 2d 419, 439 (E.D.N.Y. 2011) (quoting *United States v. Mitlof*, 165 F. Supp. 2d 558, 569 (S.D.N.Y. 2001)).

Finally, "the [G]overnment need not provide particulars where it has none." *United States v. Rajaratnam*, No. 09 Cr. 1184(RJH), 2010 WL 2788168, at *9 (S.D.N.Y. July 13, 2010).

### B.  Application

As noted above, *supra* at 4, the Government has previously confirmed that the Second Superseding Indictment relies on the same factual theories as the underlying indictments. Weiner's first demand has accordingly been satisfied. Weiner's second demand for the identities of all his coconspirators, in turn, is the precise type of "'wheres, whens, and with whoms'" of the conspiracy are "'beyond the scope of a bill of particulars.'" *Barret*, 824 F. Supp. 2d at 439 (E.D.N.Y. 2011) (quoting *Mitlof*, 165 F. Supp. 2d at 569). In any event, Weiner is already aware of the information he seeks. As the Court has previously recognized, the Government has gone to extraordinary lengths to provide early production of 3500 materials and expert reports to apprise counsel of the facts of the prosecution. The Government has also had several multi-hour meetings with counsel to discuss the charges. The defense is aware of the identities of Weiner's co-conspirators through these means, and in any event will receive relevant materials pursuant to 18 U.S.C. § 3500 by January 2, 2024.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Motion should be denied in its entirety.

Dated: New York, New York
December 27, 2023

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney
Southern District of New York


By: _____/s/_____
Mathew Andrews
Qais Ghafary
Michael Lockard
Assistant United States Attorneys
Southern District of New York