

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 29, 2023

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *United States v. Bradley Pierre, et al.,*
                 22 Cr. 19 (PGG)

Dear Judge Gardephe:

      The Government writes to correct several misstatements made in defendant William Weiner's opposition to the Government's motion to compel supplemental expert disclosure for Dr. Bryan Pukenas under Federal Rule of Criminal Procedure 16(b). (*See* Dkt. 317 (the "Opposition")).

      First, Weiner asserts that "contrary to the Government's assertions, defense counsel has already produced the clinical data referred to by Dr. Pukenas in his report and which the Government demands in its Motion." (Opposition at 2). This is shockingly misleading. Weiner produced the clinical data—which should have been turned over months ago—exactly 23 minutes before he filed his opposition on ECF yesterday evening on December 28, 2023. The transmittal email is attached as <u>Exhibit A</u>.

      Second, Weiner asserts supplemental disclosure is not required because "the Government has all of the information it needs to cross examine Dr. Pukenas." (Opposition at 6). This is simply wrong. The Government does not know Dr. Pukenas' opinion about whether Dr. Weiner falsified injuries—the key issue in this case—for a single patient. Instead, Dr. Pukenas speaks only in generalities: he agrees with some of Weiner's findings and disagrees with others. This makes challenging Dr. Pukenas' methodology in a *Daubert* hearing, calling a counter-expert on rebuttal, or conducting fair and effective cross-examination impossible. The Government has consulted with its own expert, Dr. Coyne, who has emphatically stated that that he *cannot* evaluate the soundness of Dr. Pukenas' methodology without knowing Dr. Pukenas' opinion as to each MRI. Indeed, Dr. Coyne states that the absence of an MRI-by-MRI analysis flies in the face of sound medical practice. When conducting peer reviews in their everyday practice, radiologists always provide an MRI-by-MRI review before offering their conclusions as to another physician. Similarly, the Government cannot confront Dr. Pukenas during cross-examination about particular patients or findings without an MRI-by-MRI review. The Government will have to literally ask Dr. Pukenas' for his clinical findings for all 98 patients *for the first time* during cross-examination, which would take several hours, and then challenge these

findings on-the-spot and without any opportunity to consult with its own expert. This is plainly improper.

The Court has recognized that "complex testimony will require more substantial disclosures." *United States v. Tuzman*, No. 15 CR. 536 (PGG), 2017 WL 6527261, at *10–11 (S.D.N.Y. Dec. 18, 2017) (*United States v. Ferguson*, 2007 WL 4539646, at *2 (D. Conn. Dec. 14, 2007)). Simply attaching a lengthy C.V. to a report does not satisfy Rule 16(b)'s requirements.[1] The Government produced an MRI-by-MRI analysis over a year ago, and defense counsel has waited until barely 30 days before trial to produce a report that speaks only in impossible-to-verify generalities. Defense counsel's failure to produce a report with an MRI-by-MRI analysis is simple gamesmanship. Rule 16(b) requires more, and the Government respectfully requests that the Court order counsel to supplement their report with an MRI-by-MRI analysis by two weeks before trial because the Government intends to file a *Daubert* motion challenging Dr. Pukenas' methedology.

                                      Respectfully submitted,
                                      DAMIAN WILLIAMS
                                      United States Attorney

By:            /s/
              MATHEW ANDREWS
              MICHAEL LOCKARD
              QAIS GHAFARY
              Assistant United States Attorney
              Tel.    (212) 637-6526

---

[1] "An anecdotal account of one expert's experience, however extensive or impressive the numbers it encompasses, does not by itself equate to a methodology, let alone one generally accepted by the relevant professional community." *Berk v. St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 354–56 (S.D.N.Y. 2005); *Bell v. JPMorgan Chase Bank, N.A.*, No. 20CIV2468PGGSLC, 2023 WL 2772033, at *3 (S.D.N.Y. Apr. 4, 2023) ("In sum, it is not clear what 'facts or data' Dr. Tejwani considered in determining Plaintiff's prognosis. Nor has Plaintiff demonstrated that Tejwani's testimony about Plaintiff's prognosis would be 'the product of reliable principles and methods ... [that have been] reliably applied . . . to the facts of the case.' Accordingly, despite Dr. Tejwani's considerable experience as an orthopedist, there is not an adequate basis in the record to demonstrate that his proffered testimony concerning Plaintiff's long-term prognosis is admissible under Fed. R. Evid. 702 and *Daubert*.") (quoting Fed. R. Evid. 702)). "While the *Daubert* standard does not require that every detail of expert testimony be supported by academic literature, it does mandate that 'conclusions [be] supported by good grounds for each step in the analysis.'" *Berk*, 380 F. Supp. 2d at 354–56 (quoting *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 745 (3d Cir. 1994)).

# Exhibit A

**Andrews, Mathew (USANYS)**

| | |
|---|---|
| **From:** | Vander Woude, Margaret E. <MVanderWoude@mayerbrown.com> |
| **Sent:** | Thursday, December 28, 2023 10:17 PM |
| **To:** | Andrews, Mathew (USANYS); Lockard, Michael (USANYS); Ghafary, Qais (USANYS); Gutierrez, Julia (USANYS) [Contractor]; Gartland, Michael (USANYS) [Contractor] |
| **Cc:** | Kramer, Kelly; Richard Ben-Veniste; Sinnott, William |
| **Subject:** | [EXTERNAL] United States v. William Weiner, 22 cr 19 (PGG) |
| **Attachments:** | Letter to M. Andrews 12.28.23.pdf |

Counsel:

Please find attached correspondence on behalf of Dr. William Weiner. As referenced in the letter, a link to the production is provided below:

https://mayerbrown.kiteworks.com/w/f-69d13dbb-f735-43bb-ac86-1adca0a9d2bc

I will send a password to access the production by separate email.

Best regards,

_____

**Margaret E. Vander Woude**
*Associate*
Mayer Brown LLP
1999 K Street
Washington, DC 20006-1101 United States of America
T +1 202 263 3475
mayerbrown.com

*Member of the New York Bar*

_____

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities, including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

Information about how we handle personal information and our use of relationship insight tools in conjunction with email is available in our Privacy Notice.



Mayer Brown LLP
1999 K Street, N.W.
Washington, DC 20006-1101
United States of America

T: +1 202 263 3000
F: +1 202 263 3300

mayerbrown.com

**Kelly B. Kramer**
Partner
T: +1 202.263.3007
kkramer@mayerbrown.com

December 28, 2023

**BY EMAIL**

Mathew Andrews
Assistant U.S. Attorney
U.S. Attorney's Office for the Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Re:     <u>United States v. William Weiner</u>, 22 Cr. 19 (PGG)

Counsel:

We write on behalf of our client, Dr. William Weiner, to produce the clinical data referenced in the expert report of Dr. Bryan Pukenas.  Please find enclosed a link to the production bearing Bates numbers Weiner_0000387-Weiner_0001332.

A password to the production will be sent under separate cover.


Sincerely,

*[signature]*

Kelly B. Kramer
*Counsel to Dr. William Weiner*

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).