

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 11, 2024

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

                Re:      *United States v. William Weiner,*
                          22 Cr. 19 (PGG)

Dear Judge Gardephe:

       The Government writes in response to the motion for an adjournment by defendant Arthur Bogoraz. (*See* Dkt. 359). Bogoraz seeks an adjournment based on (1) claims of late-produced data obtained in *United States v. Rose*, 19 Cr. 789 (PGG) and (2) a purported entitlement to review materials on a laptop belonging to Anthony Rose, which is currently in the possession of law enforcement. Bogoraz' claims are not grounded in the factual record of this matter and are without merit. His request for an adjournment should be denied.

      **1. The Data from *United States v. Rose***

       Earlier today, the discovery coordinator, Julie de Almeida, emailed a submission to the Court refuting Bogoraz' claims that she failed to disclose the terabytes of data from the search of the call center in the *Rose* matter. As set forth in Ms. Almeida's letter, in January 2022—approximately two years ago—the discovery coordinator told the defendants that because they did not qualify financially under the Criminal Justice Act, counsel would have to pay for the costs of producing electronic discovery. Bogoraz did not object, never requested the *Rose* discovery, and never provided any payment to the discovery coordinator to prepare those materials for production. Bogoraz is solely responsible for his failure to request the terabytes of data about which he now complains. He was never duped or kept in the dark.

      **2. A Laptop Found in Rose's Home**

       Second, Bogoraz' complaints about a laptop found in Anthony Rose's family home (the "Laptop") are without merit. As set forth below, the Government did not search or produce the Laptop in the *Rose* matter because the Government had no reason to believe that the device contained Rule 16 material.[1] Bogoraz would have been aware of this fact had he requested the

---

[1] The Laptop remains in FBI custody.

*Rose* discovery because the Government produced an inventory from the search on Rose's family home to the discovery coordinator.

On the day of Rose's arrest, on November 7, 2019, the Government executed a search warrant on Rose's family home. Rose was not present, but law enforcement located the Laptop in the kitchen and seized it. Law enforcement arrested Rose later the same day at a separate location. On or about December 6, 2019, Rose's counsel notified the Government that the computers Rose used during the scheme were in his car and at the call center at the time of his arrest. Rose proffered with the Government on numerous occasions starting on December 7, 2019 and likewise represented that the computers he used in the course of the scheme were, at the time of his arrest, located in his car and at the call center.[2] At no point during any of his proffers with the Government has Rose ever indicated that the Laptop contains any information related to the bribery scheme. Law enforcement officials spoke with Rose again today to confirm that fact. An email from FBI Special Agent Infusino to AUSA Andrews memorializing the conversation is attached as <u>Exhibit A</u>. Special Agent Infusino notes, among other things, that Rose told him that the Laptop was "a house computer that everyone in the residence used" and that "Rose didn't conduct work on that computer."

The Government does not have and has never had any reason to believe that the Laptop contains any relevant information related to the bribery scheme. The Government accordingly focused on scanning, extracting, and reviewing the actual materials relevant to the charges in the *Rose* prosecution—the enormous quantity of physical and electronic data seized from the call center, including six boxes of hard copy files, multiple computers, over a dozen cell phones, flash drives, and external hard drives constituting multiple terabytes of data. Moreover, the Government could not conduct a "just in case" search of the Laptop because of the unique challenges of searching computers; a full review of the Laptop would have required imaging the device, uploading it to a review platform, and, likely, reviewing the contents without the folder structure a mirror image of the Laptop would provide. As a result, the Government reasonably abandoned efforts to search the Laptop.

Lastly, Bogoraz never once asserts that the materials he speculates are on the Laptop are *Brady* or *Giglio* material—because he can't. Bogoraz speculates that the Laptop has the following:

> [T]he supposed 'scripts' that the call center utilized, the records of leads, where they originated from, and to what attorneys were referred. Additionally, the discovery may contain medical records, or records that indicate the delivery or existence of medical records in exchange for payments that the Government instead has alleged to be laundered.

---

[2] The Government did not seize the Laptop in Rose's car because it did not have a search warrant and did know the Laptop was in the car at the time of Rose's arrest. The Government produced the electronic devices found in the call center to the discovery coordinator, which are discussed in the discovery coordinator's letter.

(Dkt. 359 at 3-4). None of these materials bear on Bogoraz' guilt. Bogoraz does not—and cannot—claim that he never received referrals from Rose. Bogoraz has publicly filed as an exhibit the fact that he proffered with the Government, admitted that he knew Rose was paying lead sources, admitted that the payments were not legitimate, and admitted that he was paying for referrals generated from these lead sources. (*See* Dkt. Ex. C, Government's Email Reply to Counsel). Moreover, to the extent that Rose provided medical records to Bogoraz, they would already be in Bogoraz' possession.

      For the foregoing reasons, the Government respectfully requests that Bogoraz' adjournment request be denied.

                          Respectfully submitted,
                          DAMIAN WILLIAMS
                          United States Attorney

        By:           /s/
                 MATHEW ANDREWS
                 MICHAEL LOCKARD
                 QAIS GHAFARY
                 Assistant United States Attorney
                 Tel.   (212) 637-6526

# Exhibit A

| | |
|---|---|
| **From:** | Joseph Infusino |
| **To:** | Andrews, Mathew (USANYS) |
| **Cc:** | Ghafary, Qais (USANYS); Lockard, Michael (USANYS) |
| **Subject:** | Re: Laptop |
| **Date:** | Thursday, January 11, 2024 11:08:22 AM |
| **Attachments:** | Arrest_of_ANTHONY_A._ROSE_SR..pdf |

Matt,

I spoke to Mr. Rose this morning along with Agent Parashos via phone. Rose stated the following:

The Macbook located at his residence was a house computer that everyone in the residence used. The computer was password protected and Rose didn't conduct work on that computer. Rose did have a Macbook Pro he would take with him and conduct his business on. The Macbook Pro was password protected and was likely in his car when he was arrested. Rose does not have the Macbook Pro or know where its current whereabouts.

To add some additional detail, Rose was arrested at a hotel where he was located with a female. During the course of the arrest, three cell phones were located and seized. There were no additional electronics seized at the time of the arrest. At the request of Mr. Rose, the keys to his vehicle and the vehicle were turned over to the female. I enclosed the Arrest 302 of Mr. Rose for greater detail of what transpired that day.

Joseph Infusino
Special Agent
FBI New York Office
Desk: 212-384-3100
Cell: 646-652-9277
jinfusino@fbi.gov



FEDERAL BUREAU OF INVESTIGATION

Date of entry   11/13/2019

    On November 7, 2019, at approximately 6:05AM, ANTHONY A. ROSE, Date of Birth (DOB) 08/24/1968, was arrested by Special Agents (SAs) of the FEDERAL BUREAU OF INVESTIGATION (FBI) and/or Task Force Officers without incident, pursuant to a Federal Arrest Warrant issued by the Honorable Magistrate Gabriel W. Gorenstein of the SOUTHERN DISTRICT OF NEW YORK (SDNY), New York (NY), for Title 18, U.S.C. 371 (Travel Act Conspiracy); 42 U.S.C. 1320d-6(a)(1) -(3) and 1320d-6 (b)(3) and 18 U.S.C. 2 (Wrongful Disclosure of HIPAA Information) and 18 U.S.C. 666 (Federal Programs Bribery).

    ANTHONY A. ROSE SR. was arrested at Courtyard by Marriott, 183-15 Horace Harding Expressway, Fresh Meadows, NY, 11365, Room #405. Agents and Officers assisting in arrest were: SA Arthur Lepore, SA Kristen Sica, SA Kevin Consorti, TFO Jeffrey Quod and TFO Sean Ruanova.

    Subject was advised of the identities of the arresting agents and the nature of the charges per the arrest warrant.

    The following items were seized in the hotel room (#405) in plain sight: 2 Apple IPhones. At 6:35am, Anthony A. Rose, SR., gave agents verbal consent to search for a cell phone in his Silver Mercedes Sedan License Plate Number NY JLC1300. At 6:43am, agents retrieved a Blackberry cell phone from the trunk of the vehicle inside a black leather bag. The phones were identified by dialing the call numbers for the devices and waiting to see if the phones rang.

    Also present in the hotel room at the time of arrest was ▮▮▮▮▮ ▮▮▮▮▮, cell phone number ▮▮▮▮▮.

The following was obtained through interview and observation:

---

Investigation on   11/07/2019   at   Queens, New York, United States (In Person)

File #   209B-NY-2116002                                       Date drafted   11/12/2019

by   LEPORE ARTHUR F Jr, CONSORTI KEVIN ANTHONY

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

```
209B-NY-2116002
```

Continuation of FD-302 of  (U) Arrest of ANTHONY A. ROSE, SR.  , On  11/07/2019  , Page  2 of 3

Name:    ANTHONY A. ROSE, SR.

Sex:    Male

Race:    Black

Hair Color:    Bald

Height:    6'1"

Weight:    250 lbs

Eye Color:    Brown

Scars, Marks, Tattoos:    Tattoo on both left and right upper arms

DOB: ▮▮▮▮▮▮▮

Place of Birth (POB): New York, NY

Social Security Number: ▮▮▮▮▮▮▮

FBI Number: ▮▮▮▮▮▮

Address:    171-26 144th Ave., Jamaica, NY

Home Telephone Number: n/a

Cell Phone Number: ▮▮▮▮▮▮▮

Marital Status: M


　　Arrestee was transported for processing at 7:00am (beginning mileage 24,972) and arrived at 26 Federal Plaza at 8:18am (ending mileage 24,987).


------------------------

File Number: 209B-NY-2116002

209B-NY-2116002

Continuation of FD-302 of (U) Arrest of ANTHONY A. ROSE, SR. , On 11/07/2019 , Page 3 of 3

By: SA Kristen Sica/ESG