

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

January 11, 2024

**<u>VIA ECF</u>**

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  <u>*United States v. William Weiner,*
           22 Cr. 19 (PGG)</u>

Dear Judge Gardephe:

  The Government writes following the Court's decision granting a severance (the "Severance Order"). The Severance Order states in relevant part:

> Given (1) the dicta in Rittweger, district court decisions from this Circuit, and the decisions from five other circuits holding that a Rule 8(b) joinder determination must be premised on the factual allegations in an indictment; and (2) the fact that the operative indictment in this action does not contain factual allegations demonstrating that joinder of Weiner and Bogoraz is proper, this Court is constrained to conclude that the Government has not shown that Weiner and Bogoraz are properly joined in the (S3) Indictment.

(Severance Order at 19). With the Court's permission, the Government requests to return to the grand jury at 10am on Wednesday, January 17, 2024 (the first day the same grand jury is available) to add the speaking allegations in the Second Superseding Indictment to a Fourth Superseding Indictment. The evidence and charges will not change.

  Section 3161(c)(2) of the Speedy Trial Act states, "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." However, the Supreme Court has held that the Speedy Trial Act "does not require that the 30-day trial preparation period be restarted upon the filing of a superseding indictment." *United States v. Rojas-Contreras*, 474 U.S. 231, 236–37 (1985). Instead, the Speedy Trial Act "places broad discretion in the District Court to grant a continuance when necessary to allow further preparation." *Id.* In particular, the defendant "must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." *United States v. McGee*, 564 F.3d 136, 142 (2d Cir. 2009).

Here, there is no prejudice to the defendants given that the S4 Superseding Indictment would "not increase [the defendants'] sentencing exposure in the slightest" and would "not alter the evidence at trial." *See Grecco v. United States*, No. 14-CR-760 (KMK), 2023 WL 6294334, at *8 (S.D.N.Y. Sept. 27, 2023). As such, it would not "substantially impair[] the presentation of his case." *See, e.g.*, *McGee*, 564 F.3d at 142 (no prejudice where the only change made by the superseding indictment was to expand the time frame of the charge); *United States v. Ardila*, 275 F. App'x 39, 41 (2d Cir. 2008) (no prejudice where the superseding indictment "merely added an additional defendant").

        Respectfully submitted,
        DAMIAN WILLIAMS
        United States Attorney

By:         /s/
        MATHEW ANDREWS
        MICHAEL LOCKARD
        QAIS GHAFARY
        Assistant United States Attorney
        Tel.    (212) 637-6526