

The Law Office of Julie de Almeida
P.O. Box 1196 Weston, CT 06883
415-305-1211
Julie@jdealmeidalaw.com
http://www.jdealmeidalaw.com

January 12, 2024

**By ECF**
Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re: *United States v. Pierre*, 22 Cr. 19 (PGG)

Your Honor:

      I write in response to the Court's January 11, 2024 Order for the parties to produce "copies of any emails, letters, or other correspondence bearing on the issues raised in Defendant Bogoraz's letters." Dkt. 366. I also address attorney Aaron Rubin's letter of yesterday, January 11, 2024 (Dkt. 365), which contains several material misstatements of fact. I submitted a full chronology yesterday (Dkt. 360), which is supported by additional emails and documents attached hereto.

### I.    Background

      It has been my privilege to be a coordinating discovery attorney (CDA) for federal criminal cases around the nation for over five years. The Office of Defender Services funds this work to provide for cost-efficient distribution and review of discovery in complex cases with court-appointed counsel. Defender Services will not, however, spend public money to assist retained attorneys whose clients are able to pay for the admittedly costly and complicated discovery matters that I work on.

      Here, I was appointed as a CDA in 2019 in *United States v. Rose*, 19 Cr. 789

Hon. Paul G. Gardephe
January 12, 2024
Page 2

(PGG), where over twenty of the defendants were represented by appointed counsel. I maintain strong relationships with personnel in the United States Attorney's Office, with whom I frequently and productively work; as a result, after it unsealed these related *Pierre* and *Gulkarov* cases over two years later, the government proactively asked the Court appoint me. **Ex. A** (AUSA Pellegrino's email to me about these cases) and **Ex. B** (government application for the Court to appoint me).

Over the following two weeks, I realized that all but two of the thirteen defendants in *Pierre* and *Gulkarov* are represented by retained counsel, and the case therefore could not be supported by the CDA budget from the Office of Defender Services. **Ex. C**. In a letter to the Court, I wrote the following:

> Due to the fact that my office already prepared the voluminous discovery materials *in U.S. v. Rose*, **my office agreed to duplicate and distribute this discovery to defense counsel who provided a drive and the cost of postage to my office.** As of January 28, 2022, eight drives were received from retained counsel and my office prepared two drives for CJA counsel. A follow-up email requesting hard drives was sent on January 28, 2022 for any other retained counsel that would like a copy of those prepared materials. On January 31,2022, the ten prepared hard drives were sent to the eight retained and two CJA counsel. **No other teams have requested the prepare materials at this time.**

*Id.* (emphasis added). This letter was publicly docketed on ECF later in the day when the Court granted my request to withdraw.[1]  **Ex. D**.

In addition to being publicly filed on ECF, before I even submitted this letter to the Court, I distributed it to all defense counsel. **Ex. E**.[2]  In my email to defense counsel, I explained that the public budget could not be used to support their clients with retained

---

[1]  As context for this request, given the cost of hard drives, even the United States Attorney's Office in this District generally does not produce discovery to any defense counsel in a non-CDA case unless or until the defense lawyer provides a hard drive.

[2]  Because my work with defense teams collectively is premised in part on a joint defense privilege concerning the production and distribution of complex discovery, I have not publicly filed my letter to all defense counsel in an abundance of caution; but I am providing it in hard copy to the Court for sealed and *ex parte* filing.

Hon. Paul G. Gardephe
January 12, 2024
Page 3

counsel. *Id.* I further emphasized that counsel should contact me "right away" if they wanted a copy of the discovery and review tools that I created in the *Rose* case:

> For now, my office has already worked on and prepared the materials from the related U.S. v. Rose 19-cr-789 case. The following teams have sent drives to my office which we are burning with those prepared materials. If the remaining retained counsel want copies of this prepared material please send a 1 Tb drive right away to: ███████████████ ████. We will also need reimbursement from all retained counsel for the postage to send the prepared materials to you via FedEx ($8.20 via check, Venmo or Zelle 415-305-1211)

*Id.* On February 4, 2022, I emailed the password for the Rose discovery hard drive for counsel who had asked me to send it to them. **Ex. F**. Mr. Rubin was not among those counsel.

After the Court granted my motion to withdraw – as I could not be appointed at public offense to represent defendants with means to pay – I was contacted by Roland Riopelle, who represented one of the *Pierre* defendants; and Mr. Riopelle arranged with the other defense counsel to retain me to work as a CDA on that case. **Ex. G.** On February 15, 2022, I emailed all counsel to schedule a Zoom meeting about the Rose discovery and how to use the tools I had created to review it. Representatives for every defendant attended the training except for Mr. Bogaroz. After I held the Zoom training on February 17, 2022, I sent a follow up email to all defense counsel offering that lawyers like Mr. Rubin who did not attend could contact me directly for one-on-one training. **Ex. H**. The next day, I emailed all counsel, including Mr. Rubin, notifying them that substantial discovery had been produced in the Rose case and informing them that "**If you want a copy of that you will need to send me a 4TB drive or Zelle/Venmo for the hardware and postage**." **Ex. I** (emphasis added)**.**

**Mr. Rubin never responded to these emails about the discovery from the *Rose* case and he never asked me to provide that discovery to him. Other counsel for other defendants requested and received that discovery, but Mr. Rubin did not.** He also never paid me; I am a small businessperson who primarily works with lawyers assisting indigent clients; but if Mr. Rubin wants help, he must both request it and pay for the services. He did neither.

On March 9, 2022, I emailed Mr. Rubin to follow up with him about whether he wanted to retain me to help him obtain and extract discovery for the *Pierre* and *Gulkarov* matters, as Mr. Riopelle had arranged. **Ex. J.** He responded with an executed retainer agreement for work on the *Pierre* and *Gulkarov* cases – an agreement

Hon. Paul G. Gardephe
January 12, 2024
Page 4

that I had negotiated with Mr. Riopelle and which explicitly only referred to producing discovery in the *Pierre* and *Gulkarov* cases. I assumed that Mr. Rubin had been reading my emails and understood that he had to contact me separately, with additional payment, if he wanted the discovery and tools created in Rose case using public funding. I note that other counsel in the *Pierre* case appear to have understood the emails; they contacted me and provided the appropriate resources; and I then mailed them the discovery from the Rose case along with the tools that I had created to review it. Mr. Rubin did not. **Put simply, representatives for every other defendant on the *Pierre* case either took me up on my offer to provide the *Rose* discovery to them or attended a Zoom in which I described the Rose discovery's general consent; for whatever presumably sufficient reason, Mr. Rubin chose not to do that.** I do not make it my business to inquire of defense counsel why they do or do not request certain discovery.[3]

Then, nearly two years later, on January 8, 2024, Mr. Rubin emailed – out of the blue – to ask me to speak with him on the phone about an issue. **Ex. K**. When I spoke with him on the phone the next day, we had a conversation that generally would be considered subject to common interest privilege and which was triggered by Mr. Rubin's apparent inability to understand an email exchange he had with AUSA Mathew Andrews about the discovery in this case. I informed him that he never requested or received the *Rose* discovery. Although he still has not paid me the associated fees, I nonetheless sent him the materials yesterday via FedEx.

## II.       Mr. Rubin's letter of yesterday

Even after I set forth a full chronology yesterday (Dkt. 360), Mr. Rubin submitted another letter yesterday in which he states that he believed that, as part of his contract to retain me to provide discovery in the *Pierre* case, he would also receive all the discovery from the *Rose* case – a contention that is belied by the emails attached to this letter as well as implicitly by Mr. Rubin's failure over the past two years to raise with me that he did not receive those *Rose* case materials he now apparently claims he believed I had agreed to provide him.

For the avoidance of any doubt, I have attached the government's three discovery letters in the *Pierre* case as **Exhibit L**. Mr. Rubin received everything described in these letters, which is what was provided for in the contract that he belatedly returned to me on March 9, 2022. *See* **Ex. K**. As the email correspondence makes clear – and as it was clearly understood by counsel for the other codefendants in this action – Mr. Rubin was

---

[3] For example, sometimes defense counsel do not want to have the discovery while their clients are attempting to cooperate. It is not my business to ask a defense lawyer why he does not want me to send him the discovery that other defense lawyers request.

Hon. Paul G. Gardephe
January 12, 2024
Page 5

responsible for separately contacting and paying me if he wanted to receive discovery produced by the government *in another case*.

**III.    Conclusion**

To summarize, Mr. Rubin had a contract for discovery produced in *this* case, which is described in the three discovery letters attached as Exhibit L. I emailed him and others multiple times informing them that if they wanted the separate *Rose* case discovery, they had to contact me and send me a four-terabyte drive. *E.g.*, Ex. I. I held a Zoom training specifically concerning the *Rose* case discovery on February 17, 2022. A representative for every defendant attended that Zoom with the sole exception of Mr. Bogaroz. I sent another email in February 2022 reminding counsel they should contact me if they wanted the *Rose* discovery, and I attached to that email a list of the devices that Mr. Rubin now claims he should have received, but which he did not request. Ex. I.

I will be available to answer any questions that the Court has on Tuesday. But other than to respond to an Order from the Court, I will not further address filings by Mr. Rubin.

Respectfully submitted,

/s/ Julie de Almeida
Julie de Almeida

cc: Counsel of Record (by ECF)

# Exhibit A



## RE: U.S. v. Pierre, 22 Cr. 19 (PGG); U.S. v. Gulkarov, 22 Cr. 20 (PGG)

1 message

**Pellegrino, Louis (USANYS)** <Louis.Pellegrino@usdoj.gov>                    Wed, Jan 19, 2022 at 9:50 AM
To: Julie de Almeida <julie@jdealmeidalaw.com>, "Levine, Robert (USANYS) [Contractor]" <Robert.Levine2@usdoj.gov>
Cc: "Andrews, Mathew (USANYS)" <Mathew.Andrews@usdoj.gov>

Hi Julie,

Hope all is well.  I think you may be aware that we filed these two companion cases last week that are factually related to *U.S. v. Rose* 19 Cr. 789.  We are going to ask the Court to approve your appointment as discovery attorney for both cases. We already have one defense counsel who has purchased a hard drive and is eager to get it loaded.  In anticipation of your appointment could we have the address that that drive should be sent to?

Many thanks.

Best regards,

Louis A. Pellegrino

Assistant United States Attorney

United States Attorney's Office

Southern District of New York

One Saint Andrew's Plaza

New York, New York 10007

Phone: 212-637-2617

louis.pellegrino@usdoj.gov

---

**From:** Julie de Almeida <julie@jdealmeidalaw.com>
**Sent:** Wednesday, June 30, 2021 3:42 PM
**To:** Levine, Robert (USANYS) [Contractor] <RLevine1@usa.doj.gov>
**Cc:** Katja Stroke-Adolphe <Katja@jdealmeidalaw.com>; Andrews, Mathew (USANYS) <MAndrews@usa.doj.gov>; Pellegrino, Louis (USANYS) <LPellegrino@usa.doj.gov>
**Subject:** Re: U.S. v. Rose 19 Cr. 789 (PGG)

Hi Bobby,

Hope all is well. My office does not ordinarily receive individual discovery productions - they go directly to counsel so that there is no appearance of conflict or confusion on global versus individual discovery. Did you send the Tonya Thomas to counsel already or just to us? Do you want to send it to counsel via email or USAfx (it's pretty small) or do you want us to

do that this one time? We will delete it from our system after hearing back from you as we do not want to have individual discovery only global.

Let me know if you have any questions or concerns. Thanks!

Julie

On Tue, Jun 29, 2021 at 9:56 AM Levine, Robert (USANYS) [Contractor] <Robert.Levine2@usdoj.gov> wrote:

Hi Julie,

Please see the attached cover letter for another individual production in this case. The production is on USAfx in the folder "2021.06.29 Production to Tanya Thomas" Let me know if you have any questions.

Thank you,

Bobby

Robert H. Levine

Paralegal Specialist

United States Attorney's Office

One Saint Andrew's Plaza

New York, New York 10007

Cell: (347) 749-7349

Office: (212) 637-2492

**From:** Levine, Robert (USANYS) [Contractor]
**Sent:** Thursday, May 13, 2021 5:14 PM
**To:** 'Julie de Almeida' <julie@jdealmeidalaw.com>; 'Katja Stroke-Adolphe' <Katja@jdealmeidalaw.com>
**Cc:** Andrews, Mathew (USANYS) <MAndrews@usa.doj.gov>; Louis A. .Pellegrino (Louis.Pellegrino@usdoj.gov)
<Louis.Pellegrino@usdoj.gov>
**Subject:** RE: U.S. v. Rose 19 Cr. 789 (PGG)

Hi Julie,

I just uploaded another production for this case to USAfx. You and Katja should have access. This is an individual production and the letter is attached here.

Best,

Bobby

Robert H. Levine

Paralegal Specialist

United States Attorney's Office

One Saint Andrew's Plaza

New York, New York 10007

Cell: (347) 749-7349

Office: (212) 637-2492

---

**From:** Levine, Robert (USANYS) [Contractor]
**Sent:** Wednesday, April 14, 2021 1:10 PM
**To:** Julie de Almeida <julie@jdealmeidalaw.com>; Katja Stroke-Adolphe <Katja@jdealmeidalaw.com>
**Cc:** Andrews, Mathew (USANYS) <MAndrews@usa.doj.gov>; Louis A. .Pellegrino (Louis.Pellegrino@usdoj.gov)
<Louis.Pellegrino@usdoj.gov>
**Subject:** U.S. v. Rose 19 Cr. 789 (PGG)


Hi Julie,


I granted you access to our next production for 19 Cr. 789 (PGG) and it is up on USAfx. I am attaching a cover letter for
the production to this email. Let me know if you have any questions.


Thanks,

Bobby


Robert H. Levine

Paralegal Specialist

United States Attorney's Office

One Saint Andrew's Plaza

New York, New York 10007

Cell: (347) 749-7349

Office: (212) 637-2492


--

Best,

Julie

Julie de Almeida

415-305-1211

julie@jdealmeidalaw.com


http://www.jdealmeidalaw.com


CONFIDENTIAL NOTICE: Please note that this communication is from a law firm and should be considered privileged and confidential. If you received this in error, kindly delete and do not distribute further. We would also appreciate an email back noting our message went astray. Thank you.

# Exhibit B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2022

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *United States v. Alexander Gulkarov, et al.,*
            22 Cr. 20 (PGG)

Dear Judge Gardephe:

Further to our discussion with the Court and the parties at the January 18, 2022 status conference, the Government respectfully requests that the Court appoint Ms. Julie de Almeida as discovery coordinator for this matter.

Thank you for your consideration of this request.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:        /s/
            MATHEW ANDREWS
            LOUIS A. PELLEGRINO
            Assistant United States Attorneys
            Tel.    (212) 637-6526 / 2617
            mathew.andrews@usdoj.gov
            louis.pellegrino@usdoj.gov

MEMO ENDORSED

The Application is granted.

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated:_____ January 20, 2022

# Exhibit C

<b>January 31, 2022</b>

<u>**VIA EMAIL**</u>
<u>**TO FILE UNDER SEAL**</u>
Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007
Email: gardephenysdchambers@nysd.uscourts.gov

Re:  *United States v. Anthony Rose*, et al.
  19 Cr. 789 (PGG) *U.S. v. Bradley Pierre*, et al. 22
  Cr. 19 (PGG) and *U.S. v. Alexander Gulkarov*, et al.
  22 Cr. 20 (PGG)

Dear Judge Gardephe:

This letter is respectfully submitted per my capacity as the appointed Coordinating Discovery Attorney ("CDA") on the *U.S. v. Anthony Rose* matter 19 Cr. 789, pursuant to the Order Appointing Julie de Almeida as the Coordinating Discovery Attorney dated November 25, 2019, Dkt. No. 137. In the *U.S. v. Rose* matter, the majority of the defendants were represented by CJA counsel, and accordingly, met the criteria for the appointment of a "CDA" through the Office of Defender Services.[1]

The appointment of a CDA through the Office of Defender Services is available for CJA panel attorneys and federal defender organizations to serve as a resource for litigation support aspects of their cases. The CDA contract and budget are on behalf of CJA counsel. While my office does not mind burning copies of prepared materials on behalf of retained counsel, retained counsel needs to pay for the cost of hardware and shipping, as my office does not have budget to work on their behalf or to expense hardware or shipping costs.

At the time that the Government requested my appointment in the two matters related to *U.S. v. Anthony Rose*, the Government did not understand the process for my appointment and how it is limited to CJA counsel. In these two related matters, eleven out of thirteen defendants are represented by retained counsel. Thus, these matters do not meet the criteria for my appointment and there is no budget for my office to be paid for services. The Government and I discussed this via telephone on January 27, 2022 and then my office sent an email to all defense teams informing them of the problem.

---

[1] https://fd.org/litigation-support/coordinating-discovery-attorneys

Respectfully, I must ask that the Court withdraw my appointment from these two matters.

Due to the fact that my office already prepared the voluminous discovery materials *in U.S. v. Rose*, my office agreed to duplicate and distribute this discovery to defense counsel who provided a drive and the cost of postage to my office. As of January 28, 2022, eight drives were received from retained counsel and my office prepared two drives for CJA counsel. A follow-up email requesting hard drives was sent on January 28, 2022 for any other retained counsel that would like a copy of those prepared materials. On January 31,2022, the ten prepared hard drives were sent to the eight retained and two CJA counsel. No other teams have requested the prepared materials at this time.

During the January 27, 2022 telephone call, the Government informed my office that there is approximately 4 additional terabytes of data in these matters. Since there is no budget to work on behalf of retained counsel through Defender Services there is a need to make alternative arrangements. My office has agreed to work with the Government to coordinate sending the additional discovery to a vendor from whom counsel can request copies and pay directly. I respectfully request that the Court authorize the two CJA counsel the funds to obtain this discovery directly from the vendor, Dupe Coop, who has worked on duplicating discovery for the Government for over twenty-five years.

Dupe Coop has provided a quote for the duplication of the materials. The cost breakdown per defense team is:

These are rates for copying hard drives:

4TB drive: $575.00 plus shipping and NYS sales tax  (Turnaround is about 3 days)
2TB drive: $425.00 plus shipping and NYS sales tax  (Turnaround is about 2 days)

**Total per defense team: $1,150 for 2 4-TB copies of the discovery** (Each drive will be encrypted prior to distribution -one drive of forensics from the Rose case and one drive of the new case materials).

If the Court has any questions or concerns, please contact Julie de Almeida. This letter is being filed ex parte because it reveals where the Protective Materials will be sent and the time and cost associated with duplicating and distributing them to counsel.

Thank you for Your Honor's consideration.

Dated this 31st day of January 2022.            Respectfully submitted,

                                     _____
                                            /s/
                                     Law Office of Julie de Almeida
                                     Julie de Almeida NY #4447645
                                     P.O. Box 1058
                                     Bronx, NY 10471
                                     415-305-1211- Julie@jdealmeidalaw.com

# Exhibit D

January 31, 2022

<u>VIA EMAIL</u>
<u>TO FILE UNDER SEAL</u>
Hon. Paul G. Gardephe
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007
Email: gardephenysdchambers@nysd.uscourts.gov

Re:    <u>United States v. Anthony Rose</u>, et al.
                19 Cr. 789 (PGG) <u>U.S. v. Bradley Pierre</u>, et al. 22
                Cr. 19 (PGG) and <u>U.S. v. Alexander Gulkarov</u>, et al.
                22 Cr. 20 (PGG)

Dear Judge Gardephe:

This letter is respectfully submitted per my capacity as the appointed Coordinating Discovery Attorney ("CDA") on the *U.S. v. Anthony Rose* matter 19 Cr. 789, pursuant to the Order Appointing Julie de Almeida as the Coordinating Discovery Attorney dated November 25, 2019, Dkt. No. 137. In the *U.S. v. Rose* matter, the majority of the defendants were represented by CJA counsel, and accordingly, met the criteria for the appointment of a "CDA" through the Office of Defender Services.[1]

The appointment of a CDA through the Office of Defender Services is available for CJA panel attorneys and federal defender organizations to serve as a resource for litigation support aspects of their cases. The CDA contract and budget are on behalf of CJA counsel. While my office does not mind burning copies of prepared materials on behalf of retained counsel, retained counsel needs to pay for the cost of hardware and shipping, as my office does not have budget to work on their behalf or to expense hardware or shipping costs.

At the time that the Government requested my appointment in the two matters related to *U.S. v. Anthony Rose*, the Government did not understand the process for my appointment and how it is limited to CJA counsel. In these two related matters, eleven out of thirteen defendants are represented by retained counsel. Thus, these matters do not meet the criteria for my appointment and there is no budget for my office to be paid for services. The Government and I discussed this via telephone on January 27, 2022 and then my office sent an email to all defense teams informing them of the problem.

---

[1] https://fd.org/litigation-support/coordinating-discovery-attorneys

Respectfully, I must ask that the Court withdraw my appointment from these two matters.

Due to the fact that my office already prepared the voluminous discovery materials *in U.S. v. Rose*, my office agreed to duplicate and distribute this discovery to defense counsel who provided a drive and the cost of postage to my office. As of January 28, 2022, eight drives were received from retained counsel and my office prepared two drives for CJA counsel. A follow-up email requesting hard drives was sent on January 28, 2022 for any other retained counsel that would like a copy of those prepared materials. On January 31,2022, the ten prepared hard drives were sent to the eight retained and two CJA counsel. No other teams have requested the prepared materials at this time.

During the January 27, 2022 telephone call, the Government informed my office that there is approximately 4 additional terabytes of data in these matters. Since there is no budget to work on behalf of retained counsel through Defender Services there is a need to make alternative arrangements. My office has agreed to work with the Government to coordinate sending the additional discovery to a vendor from whom counsel can request copies and pay directly. I respectfully request that the Court authorize the two CJA counsel the funds to obtain this discovery directly from the vendor, Dupe Coop, who has worked on duplicating discovery for the Government for over twenty-five years.

Dupe Coop has provided a quote for the duplication of the materials. The cost breakdown per defense team is:

These are rates for copying hard drives:

4TB drive: $575.00 plus shipping and NYS sales tax  (Turnaround is about 3 days)
2TB drive: $425.00 plus shipping and NYS sales tax  (Turnaround is about 2 days)

**Total per defense team: $1,150 for 2 4-TB copies of the discovery** (Each drive will be encrypted prior to distribution -one drive of forensics from the Rose case and one drive of the new case materials).

If the Court has any questions or concerns, please contact Julie de Almeida. This letter is being filed ex parte because it reveals where the Protective Materials will be sent and the time and cost associated with duplicating and distributing them to counsel.

Thank you for Your Honor's consideration.

Dated this 31st day of January 2022.          Respectfully submitted,

_____/s/_____
Law Office of Julie de Almeida
Julie de Almeida NY #4447645
P.O. Box 1058
Bronx, NY 10471
415-305-1211- Julie@jdealmeidalaw.com

# Exhibit E

**REDACTED**

# Exhibit F



Julie de Almeida <julie@jdealmeidalaw.com>

---

## Re: U.S. v. Pierre, 22 Cr. 19 (PGG); U.S. v. Gulkarov, 22 Cr. 20 (PGG) -Hard Drive password for the Rose discovery
1 message

---

**Julie de Almeida** <julie@jdealmeidalaw.com>            Fri, Feb 4, 2022 at 12:30 PM
To: Fred Hafetz <fhafetz@hafetzlaw.com>, shelanskilaw@gmail.com, hem@msf-law.com, Steve Zissou <stevezissou@stevezissouesq.com>, ih@msf-law.com, ken.caruso@mfsllp.com, marc.mukasey@mfsllp.com, Matt Kluger <SDNYkluger@aol.com>, kevin@kevinkeatinglaw.com, jonathan.savella@gmail.com, Dawn Cardi <DCardi@cardiedgarlaw.com>, rriopelle@juno.com, "Mullin@TaxDefense.com" <mullin@taxdefense.com>, kkramer@mayerbrown.com, rben-veniste@mayerbrown.com, "David K. Bertan" <dbertan@yahoo.com>, aaron.m.rubin@gmail.com
Cc: Katja Stroke-Adolphe <Katja@jdealmeidalaw.com>, "Andrews, Mathew (USANYS)" <Mathew.Andrews@usdoj.gov>, "Levine, Robert (USANYS) [Contractor]" <Robert.Levine2@usdoj.gov>, "Pellegrino, Louis (USANYS)" <Louis.Pellegrino@usdoj.gov>

The password for the hard drives sent with the Rose materials is:

What is the capitol of New York?

(it is the question, not the answer, and you can cut and paste from here)

Thanks,
Julie

On Tue, Feb 1, 2022 at 11:19 AM Julie de Almeida <julie@jdealmeidalaw.com> wrote:
    Please see the attached letter filed with the Court yesterday and docketed today.

    On Thu, Jan 27, 2022 at 11:10 AM Julie de Almeida <julie@jdealmeidalaw.com> wrote:
       Dear Counsel,

       AUSA Andrews and I spoke this morning after I realized that a majority of you are retained in these matters. As a Coordinating Discovery Attorney, my office is budgeted through Defender Services for CJA counsel in cases in which a majority of counsel are CJA appointed. There is no budget to work on behalf of retained counsel through Defender Services as these cases are ineligible. Thus, going forward in these two cases, we will need to make alternative arrangements.

       Going forward, my office **will not be able to** prepare the discovery on your behalf as these cases are not eligible for CDA services through Defender Services. However, we will coordinate with AUSA Andrews to **send the discovery to a vendor** that you can request copies from and pay directly. I plan to ask the Court for authorization of these duplication costs on behalf of the two CJA counsel and get an estimate for the cost of the 4 TB of forensics and the additional 4TB of case specific discovery that the USAO is currently preparing to send to my office.

       <span style="color:red">**CDA appointment criteria:**</span>
       https://fd.org/litigation-support/coordinating-discovery-attorneys

       **U.S. v. Pierre, 22 Cr. 19 (PGG)**
       Drive received from: **David Keith Bertan** - Drive will be provided by my office through **CJA (your drive will be returned)** - no postage reimbursement required
       <span style="color:red">**No drives received from any other defense teams as of 1/27/22** Please send ASAP if you want copies of the Rose materials - drives and postage should arrive by 1/31/22 so that we can burn a second batch **</span>

       **U.S. v. Gulkarov, 22 Cr. 20 (PGG)**
       Drive for **Dawn Cardi** will be provided by my office through **CJA** - no postage reimbursement required

       Retained - in receipt of drive- payment of postage still required:

| Roman Israilov | Henry Edward Mazurek | Retained |
|---|---|---|

| Peter Khaimov | James Froccaro | Retained |
| Robert Wisnicki | Kenneth Andrew Caruso | Retained |

| Rolando Chumaceiro | Kevin James Keating | Retained |
| Marcelo Quiroga | Jonathan T. Savella | Retained |

**\*\*No drives received from any other defense teams as of 1/27/22\*\* Please send ASAP if you want copies of the Rose materials - drives and postage should arrive by 1/31/22 so that we can burn a second batch \*\***

For now, my office has already worked on and prepared the materials from the related U.S. v. Rose 19-cr-789 case. The following teams have sent drives to my office which we are burning with those prepared materials. If the remaining retained counsel want copies of this prepared material please send a 1 Tb drive right away to : 5607 Post Road Bronx, NY 10471 We will also need reimbursement from all retained counsel for the postage to send the prepared materials to you via FedEx ($8.20 via check, Venmo or Zelle 415-305-1211)

A letter will be filed with the Court today informing the Judge of the issues with my appointment in a matter that does not meet the criteria for payment through Defender Services.

Please let me know if you have any questions and perhaps in the future we will get the opportunity to work together on a case that is Defender Services approved.

--
Best,
Julie

Julie de Almeida
415-305-1211
julie@jdealmeidalaw.com

http://www.jdealmeidalaw.com

CONFIDENTIAL NOTICE: Please note that this communication is from a law firm and should be considered privileged and confidential. If you received this in error, kindly delete and do not distribute further. We would also appreciate an email back noting our message went astray. Thank you.

--
Best,
Julie

Julie de Almeida
415-305-1211
julie@jdealmeidalaw.com

http://www.jdealmeidalaw.com

CONFIDENTIAL NOTICE: Please note that this communication is from a law firm and should be considered privileged and confidential. If you received this in error, kindly delete and do not distribute further. We would also appreciate an email back noting our message went astray. Thank you.

--
Best,

Julie

Julie de Almeida
415-305-1211
julie@jdealmeidalaw.com

http://www.jdealmeidalaw.com


CONFIDENTIAL NOTICE: Please note that this communication is from a law firm and should be considered privileged and confidential. If you received this in error, kindly delete and do not distribute further. We would also appreciate an email back noting our message went astray. Thank you.

# Exhibit G

**REDACTED**

# Exhibit H

**REDACTED**

# Exhibit I

**REDACTED**

# Exhibit J



Julie de Almeida <julie@jdealmeidalaw.com>

**Fwd: U.S. v. Pierre22 Cr. 19 Estimate and Signature Page**
1 message

**Julie de Almeida** <julie@jdealmeidalaw.com>
To: aaron.m.rubin@gmail.com

Wed, Mar 9, 2022 at 10:40 AM

Hi Aaron,

Just following up on this… we hope to purchase the hard drives and duplicate the material at the end of this week. Please let me know if you are signing on or opting out. Feel free to give me a call to discuss in more detail. My cell is 415-305-1211.

Thank you,

Julie

# Exhibit K

                    **Julie de Almeida <julie@jdealmeidalaw.com>**

---

## U.S. v. Pierre/Gulkarov 21 cr 19 and 21 cr 20 (PGG)
1 message

---

**Aaron M. Rubin** <aaron.m.rubin@gmail.com>                    Mon, Jan 8, 2024 at 5:15 PM
To: Julie de Almeida <julie@jdealmeidalaw.com>

Hi Julia, I am counsel for Arthur Bogoraz, one of the defendants on this case for which you were the discovery coordinator. Would you have any availability to discuss an issue?

Aaron Rubin

--
*Aaron M. Rubin, Esq.*

99 Wall Street Suite 1130
NY NY 10005

*(212) 725-4600*

# Exhibit L



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 10, 2022

To: All Counsel of Record

Re:   *U.S. v. Alexander Gulkarov, et al.,* **22 Cr. 20 (PGG)** and *U.S. v. Bradley Pierre et al.,*
       **22 Cr. 19 (PGG)**

Dear Counsel:

   Pursuant to requests from the Discovery Coordinator, and further to its February 4, 2022 production of Rule 16(a) discovery in this matter the Government is reproducing the documents assigned Bates numbers SDNY_00165273-00165276 and SDNY_00165279-00165289, as further explained below.  In addition, the Government notes the following:

1. To the extent that certain documents are not readable or do not contain content, we have provided them in the same format that we received them from the provider. These include the following:
   a. The ZIP files located at Subpoena Returns\Popular\2020.03.04 Yan Moshe\2020-02-28 - PB-Y.Moshe
   b. The images located at SDNY_01119443\SDNY_Rel_PROD001\VOL0000001\IMAGES\IMG0000026
   c. The files located at SDNY_01119443\SDNY_Rel_PROD001\VOL0000001\NATIVES\NATIVE0000058 with the following Bates Numbers:
      i. SDNY_Rel_00288184
      ii. SDNY_Rel_00288183
      iii. SDNY_Rel_00288182
      iv. SDNY_Rel_00288141
      v. SDNY_Rel_00288140
      vi. SDNY_Rel_00288139
      vii. SDNY_Rel_00287986
      viii. SDNY_Rel_00287251
      ix. SDNY_Rel_00286301
      x. SDNY_Rel_00286279
      xi. SDNY_Rel_00286178
      xii. SDNY_Rel_00285722
      xiii. SDNY_Rel_00284390
      xiv. SDNY_Rel_00284389

2. The folders located at the following locations are intentionally left blank:

CONFIDENTIAL

    a.  Production\Subpoena Returns\Bank of America\2020.03.11 Bogoraz
    b.  Production\Subpoena Returns\Bank of America\2020.03.11 Cox & Bruner
    c.  Production\Recorded Conversations\2021.6.21 (Gulkarov-Bucci)
    d.  Production\Text Messages (Consent)

The Government will continue to provide additional discovery on a rolling basis as soon as practicable.

The Government recognizes its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  To date, the Government is unaware of any Brady material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under Giglio v. United States, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**Disclosure By the Defendant**

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).  Specifically, we request that you allow inspection and copying of:  (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendants disclose prior statements of witnesses they will call to testify.  See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

CONFIDENTIAL

**Sentence Reduction for Acceptance of Responsibility**

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request. Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea offer," as those terms are used in Lafler v. Cooper, 132 S.Ct. 1376 (2012); Missouri v. Frye, 132 S.Ct. 1399 (2012).

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____/s/_____
     Mathew Andrews
     Louis Pellegrino
     Assistant United States Attorneys
     (212) 637-6526/2617

CONFIDENTIAL



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 4, 2022

To: All Counsel of Record

Re:     <u>U.S. v.  Alexander Gulkarov, et. al.</u>, **22 Cr. 20 (PGG)** and <u>U.S. v. Bradley Pierre et. al.</u>,
        **22 Cr. 19 (PGG)**

Dear Counsel:

        This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal
Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery. All materials referenced herein
and attached, including this letter, are subject to the protective orders entered on January 24, 2022.

**Disclosure by the Government**

        Based on your request for discovery in this case, I have enclosed a copy of the following
materials, which have been stamped with control numbers SDNY_00000001 – SDNY01119440.
<u>The case team is available to discuss the discovery relevant to each defendant on an individual
basis. Please contact the case team if you wish to discuss further.</u>

| Description | Bates Range |
|---|---|
| 2703(d) Orders | SDNY_00000001-SDNY_00000156 |
| Cell Site Data | SDNY_00000157-SDNY_00000229 |
| Phone Records | SDNY_00000230-SDNY_00165240 |
| Publicly Available Information | SDNY_00165241-SDNY_00165256 |
| Recorded Conversations | SDNY_00165257-SDNY_00165289 |
| Search Warrants | SDNY_00165290-SDNY_00168105 |
| Subpoena Returns from financial institutions, insurance companies, internet service providers, phone carriers, etc. | SDNY_00168106-SDNY_01119435 |
| WhatsApp Pen Data | SDNY_01119436 -SDNY_01119440 |
| Nexray Patient Files | SDNY_01119441 |
| Clinic Patient Files | SDNY_01119442 |
| Responsive Emails | SDNY_01119443 |
| Responsive iCloud Data | SDNY_01119444-SDNY_01119467 |
| Responsive Phone Data | SDNY_01119468-SDNY_01119475 |

The folders marked with control numbers SDNY_01119444-SDNY_01119467 are iCloud data responsive to search warrants in this matter. The folder marked with control number SDNY_01119443 are emails responsive to search warrants served in this matter. Potentially privileged materials were removed from the iCloud and email accounts, and the non-privileged data were reviewed by the prosecution team. Responsive data are enclosed.

The Government will continue to provide additional discovery on a rolling basis as soon as practicable.

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**Disclosure By the Defendant**

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendants disclose prior statements of witnesses they will call to testify. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

**Sentence Reduction for Acceptance of Responsibility**

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks weeks prior to trial. We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request. Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea offer," as those terms are used in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____s/_____
Mathew Andrews / Louis Pellegrino
Assistant United States Attorneys
Southern District of New York
(212) 637-6526 / 2617



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 28, 2022

To: All Counsel of Record

Re:     <u>*U.S. v. Alexander Gulkarov, et. al.*</u>, **22 Cr. 20 (PGG)** and <u>*U.S. v. Bradley Pierre et. al.*</u>, **22 Cr. 19 (PGG)**

Dear Counsel:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery. All materials referenced herein and attached, including this letter, are subject to the protective orders entered on January 24, 2022.

**Disclosure by the Government**

Based on your request for discovery in this case, I have enclosed a copy of the following materials, which have been stamped with control number SDNY_01119476. <u>The case team is available to discuss the discovery relevant to each defendant on an individual basis. Please contact the case team if you wish to discuss further</u>.

| Description | Bates Range |
|---|---|
| Responsive Phone Data – apd323@mac.com | SDNY_01119476 |

Potentially privileged materials were removed from the iCloud and email accounts, and the non-privileged data were reviewed by the prosecution team. Responsive data are enclosed.

The Government will continue to provide additional discovery on a rolling basis as soon as practicable.

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. To date, the Government is unaware of any Brady material regarding your client, but will provide timely disclosure if any such material comes to light.

The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner prior to trial.

**Disclosure By the Defendant**

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b).  Specifically, we request that you allow inspection and copying of:  (1) any books, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defendants disclose prior statements of witnesses they will call to testify.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.

We also wish to remind you that Fed. R. Crim. P. 12.3(a) requires you to provide the Government with written notice if the defendant intends to claim a defense of actual or believed exercise of public authority on behalf of a law enforcement or Federal intelligence agency at the time of the alleged crime.

**Sentence Reduction for Acceptance of Responsibility**

This Office will oppose the additional one-point reduction under the Sentencing Guidelines available for defendants who plead prior to the Government's initiation of trial preparations pursuant to U.S.S.G. § 3E1.1(b), in the event your client has not entered a plea of guilty four weeks weeks prior to trial.  We will follow this policy whether or not suppression or other pretrial motions remain outstanding after this date and even if the trial date has not been announced by the Court four weeks in advance of the trial.

Please contact us at your earliest convenience concerning the possible disposition of this matter or any further discovery which you may request.  Please be advised, however, that pursuant to the policy of the Office concerning plea offers, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, discussions regarding the pretrial disposition of a matter that are not reduced to writing and signed by authorized representatives of the Office cannot and do not constitute a "formal offer" or a "plea

offer," as those terms are used in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012); *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____s/_____
Mathew Andrews / Louis Pellegrino
Assistant United States Attorneys
Southern District of New York
(212) 637-6526 / 2617