

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 26, 2024

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *United States v. Bradley Pierre,*
                  22 Cr. 19 (PGG)

Dear Judge Gardephe:

      The Government writes in opposition to defendant Bradley Pierre's request for a sentencing adjournment. (Dkt. 395). This is Pierre's second request for a sentencing adjournment. Pierre plead guilty over 6 months ago on December 18, 2023 and admitted in relevant part:

> From at least in or about 2008 up to and including in or about 2021, the defendant agreed with others (collectively, the "Clinic Controllers") to unlawfully own and run clinics located in the New York area including, among others, Veda Medical, Sky Medical, Sun Medical, and Rutland Medical (the "Clinics"). The defendant knew that clinics are unable to bill insurance companies for No-Fault benefits if the medical facilities are controlled by non-physicians. The defendant nonetheless agreed with others to submit bills to insurance companies falsely representing that the Clinics were owned and operated by licensed medical practitioners, and for medical practitioners to lie under oath during Examinations under Oath ("EUOs") about the ownership, control, and finances of the Clinics. The defendant personally coached medical practitioners to lie under oath.

      Pierre raises two arguments in support of his adjournment request. First, Pierre states that he "is in the process of settling various civil claims brought against him in separate actions by insurance companies who were victimized by the conduct described in the indictment." (*Id.* at 2). Second, Pierre seeks additional time to file his tax returns. (*Id.* at 1). Neither of these rationales have merit.

      As an initial matter, Pierre is not entitled to any money from these insurers. At least one of the insurance companies described in Pierre's adjournment request, American Transit Insurance Company, has contacted the Government repeatedly to voice its dismay that Pierre is fighting the civil suit. The Government has attached a letter from counsel for American Transit

Insurance Company (the "American Transit Letter"), which is incorporated as Exhibit A. As set forth in the American Transit Letter:

> Notwithstanding Mr. Pierre's guilty plea, and the fact that he did not dispute any of the facts the Court read at his allocution from the statement of facts ("SOF") attached to his plea agreement (*id*. at 25), Mr. Pierre continues to take positions in civil litigation that are contrary to his confessed guilt and the facts he did not dispute during his allocution that form the basis of the unlawful conspiracy.
>
> . . . .
>
> Notwithstanding these admissions of guilt and the undisputed facts underlying that guilt, Mr. Pierre, by his company MRC, is actively litigating against American Transit in two civil cases over rights to payments American Transit made to Rutland Medical, Inc. ('Rutland'), one of the fraudulent 'Clinics' referred to in the Superseding Indictment and the SOF, which Mr. Pierre unlawfully controlled.

(Exhibit A at 1-2). Pierre is entitled to no money from these insurers because he was unlawfully in control of Rutland. Pierre's current attempt to extract civil settlements from victim insurance companies to pay his forfeiture and restitution is nothing more than robbing Peter to pay Paul. This is grossly inappropriate.

Second, the Court has already considered and rejected an identical request by defendant William Weiner for a sentencing adjournment so that Weiner can file amended tax returns prior to his own sentencing. (Dkt. 400). There is no reason to treat Pierre's adjournment request differently than Weiner's adjournment request, particularly because Pierre plead guilty prior to Weiner. Pierre also does not assert that he is incapable of filing amended tax returns prior to any surrender date.

For the foregoing reasons, the Government respectfully requests that the Court deny Pierre's request for an adjournment.

                            Respectfully submitted,

                            DAMIAN WILLIAMS
                            United States Attorney

By:          /s/
                   MATHEW ANDREWS
                   Assistant United States Attorneys
                   Tel.   (212) 637-6526 / 2617
                   mathew.andrews@usdoj.gov

# EXHIBIT A



Daniel Filor
Tel 212.801.6758
filord@gtlaw.com

May 23, 2024

**VIA ECF**

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
40 Foley Square, Courtroom 705
New York, New York 10007

      Re:    <u>*United States v. Bradley Pierre*, **22-CR-19 (PGG)**</u>

Dear Judge Gardephe:

      We are counsel to American Transit Insurance Company ("American Transit"), which is a no-fault insurer providing coverage for healthcare expenses arising out of automobile accidents, and a victim of the no-fault insurance fraud conspiracy that is at issue in the above-referenced criminal case now before the Court. We write to provide the Court with information about recent conduct of defendant Bradley Pierre that the Court may wish to consider in his upcoming sentencing scheduled for June 3, 2024, having pled guilty to Travel Act bribery and conspiracy to defraud the United States, including by filing false tax returns for his company Medical Reimbursement Consultants, Inc. ("MRC"). (*See* ECF No. 344, 12/18/23 Hr. Tr. at pp. 10-13, 28.) Notwithstanding Mr. Pierre's guilty plea, and the fact that he did not dispute any of the facts the Court read at his allocution from the statement of facts ("SOF") attached to his plea agreement (*id*. at 25), Mr. Pierre continues to take positions in civil litigation that are contrary to his confessed guilt and the facts he did not dispute during his allocution that form the basis of the unlawful conspiracy.

      In particular, according to the superseding indictment: "in order to conceal the above-described healthcare fraud scheme, BRADLEY PIERRE, the defendant, caused the No-Fault Clinics to transfer the proceeds from the scheme to [MRC] a company he controlled. The payments were falsely described as loan repayments." (ECF No. 1-4 at ¶24.) Further, "BRADLEY PIERRE, the defendant, utilized his companies, MRC and M4Y, to enter into phony financing arrangements with MARVIN MOY and WILLIAM WEINER, the defendants." (*Id.* at ¶ 28a.) The SOF, to which Mr. Pierre swore he did not dispute, likewise states: "The defendant hid his control over several of the Clinics and Nexray using phony loan agreements. These agreements claimed that the defendant was making non-recourse loans to the Clinics and Nexray, which would only have to be paid back if insurance companies pay the medical practices' claims. The agreements also set the defendant's fee as twice the amount loaned to the practices. However, in reality, the defendant took almost $10 million in excess of what these purported loan agreements permitted." (ECF No. 344, p. 22:12-20, 25:14-15.)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

The Honorable Paul G. Gardephe
May 23, 2024
Page 2

Notwithstanding these admissions of guilt and the undisputed facts underlying that guilt, Mr. Pierre, by his company MRC, is actively litigating against American Transit in two civil cases over rights to payments American Transit made to Rutland Medical, Inc. ("Rutland"), one of the fraudulent "Clinics" referred to in the Superseding Indictment and the SOF, which Mr. Pierre unlawfully controlled.  (ECF No. 344 pp. 20:22-21:11.)  *See Leon Kucherovsky, Esq. v. Rutland Medical P.C. and Medical Reimbursement Consultants, Inc., Index No. 609430/2023 (Sup. Ct. Nassau Cty.); The Russell Friedman Law Group, LLP, f/k/a Russell Friedman & Associates, LLP v. Rutland Medical P.C. and Medical Reimbursement Consultants, Inc., Index No. 621026/2023 (Sup. Ct. Nassau Cty.)* (collectively, the "State Court Actions").  In the State Court Actions, MRC claims the "loan agreements" -- which Mr. Pierre has admitted were "phony" -- give it a priority right over American Transit (and another no-fault insurer) to interpleaded funds, which are the proceeds of payments to Rutland.  Perhaps even worse, after his plea of guilty to his crimes in this case, MRC purported to execute and file a UCC-1 pursuant to the "phony loan agreements," which purport to "perfect" MRC's interest in the funds in dispute in those two cases.  We attach for the Court's review as Exhibits A and B hereto, recent filings by MRC in the State Court Actions, in which it asserts priority rights to the disputed funds pursuant to the loan agreements and recent UCC-1 filings.  Apart from Mr. Pierre's admissions, American Transit contends, and can show, that it paid to Rutland, through the interpleader plaintiffs, in excess of $266,000 when Mr. Pierre unlawfully controlled Rutland.  Under New York law, as Mr. Pierre by his own acknowledgement in fact owned and controlled Rutland illegally (*see* ECF No. 344, p. 20:22-21:11), Rutland had no entitlement to bill American Transit for these payments.  *See State Farm Mut. Auto. Ins. Co. v Mallela*, 4 N.Y.3d 313, 320 (Ct. App. 2005).[1]  Nor, does MRC have any entitlement to the disputed funds as an instrument of the criminal conspiracy.

It is bad enough that Mr. Pierre, through his various companies and confederates took money from American Transit once.  His current effort, through MRC, to try to take more of American Transit's money is beyond the pale.  It is well recognized in this Court, in other courts in this Circuit, and in the New York State courts that the New York no-fault system is rampant with fraud and has been for many years.  *See Matter of Medical Society of New York v. Serio*, 100 N.Y.2d 854 (Ct. App. 2003).  American Transit has consequently been forced to engage in numerous, costly litigations and other efforts to address it.  American Transit is grateful that the Court and the U.S. Attorney's Office are also involved in efforts to correct this long festering problem.

---

[1] American Transit is also litigating over the illegal no-fault billing scheme against Mr. Pierre, Dr. Marvin Moy, Rutland, Dr. William Weiner and Nexray Medical Imaging, P.C., in the Eastern District of New York, *American Transit Insurance Co. v. Pierre et al., 1:24-cv-00360-RPK-CLP*.  We understand Dr. Weiner is also scheduled for sentencing in this matter in mid-June 2024.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

The Honorable Paul G. Gardephe
May 23, 2024
Page 3

      Should the Court have any questions concerning the foregoing we are available at the Court's convenience.

                                            Respectfully submitted,

                                            Daniel P. Filor

Attachments

cc: All Counsel of Record

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com